ORIGINAL

Cause No. <u>D-1-GN-14-001926</u>

Freddie Lee Walker, TDC#00457485    *    In The District Court
             Plaintiff          *

Versus                       *    126th Judicial District

Rissie Owens, et al.,          *

           Respondent      *    Travis County, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/13/2015 4:53:16 PM
CHRISTOPHER A. PRINE
Clerk

Filed in The District Court
of Travis County, Texas

MAR 25 2015

At_____ 10:00 A.M.
Velva L. Price, District Clerk

<u>Plaintiff's Pro se Motion For A New Trial</u>:

To The Honorable Judge of Said Court:

    Comes Now Freddie Lee Walker, Plaintiff in the above-styled and Numbered Cause, by and through himself, Pro se, and presents this his "Plaintiff's Pro se Motion For A New Trial", and in support of such, Plaintiff Proffers the following:

1) <u>Jurisdiction</u>:

    The Honorable 126<u>th</u> Judicial District Court of Travis County, Texas has exclusive jurisdiction to entertain this Motion For A New Trial pursuant to a Judgment and Order Granting Defendant's Motion To Dismiss Baseless Cause of Action Pursuant to Rule 91a of the Tex. R. Civ. Proc. on March 4, 2015.

2) <u>Statement And Nature of the Case</u>:

    On June 19, 2014, Plaintiff filed Original Due Process of Law Complaint Pursuant To United States Constitution Amendment Fourteen; Texas Constitution Article 1, Section 19.

    Process was requested pursuant to Rule 103 of the Tex. R. Civ. Proc., and Plaintiff filed a Motion For A Protective Order. On July 14, 2014 the Defendant filed their Original Answer and Jury Demand.

1

On July 20, 2014 Defendant Rissie Owens was served with Process and Original Petition, and Return filed with the Court in Cause No. D-1-GN-14-001926.

On July 24, 2014 Defendant filed Motion to Dismiss Plaintiff's Baseless Cause of Action under Rule 91a Tex. R. Civ. Proc..

On Tuesday, September 2, 2014 at 9:00 A.M. the Court held a hearing on Plaintiff's Motion For A Protective Order, and after hearing argument of Counsel Denied Plaintiff's Motion For A Protective Order. On August 27, 2014 at 15:02 the Defendant attempted to have Defendant's Motion to Dismiss Baseless Cause of Action heard on Tuesday, September 2, 2014 at 9:00 A.M. in conjunction with Plaintiff's Motion For A Protective Order. Plaintiff objected to not being provided with 14 days prior notice of the hearing pursuant to Rule 91a.6, and the Court held Defendant's Motion To Dismiss Baseless Cause of Action in Abeyance pending 14 days prior notice. The Defendant 'did not' request another hearing on its Motion To Dismiss Baseless Cause of Action for 183 days later on March 4, 2015.

On August 18, 2014 Plaintiff filed Response To Defendant's Motion To Dismiss Plaintiff's Baseless Cause of Action Pursuant To Rule 91a Tex. R. Civ. Proc..

3) Grounds For Relief:

Ground of Error Number One: The Trial Court Erred And Abused Its Discretion By Implicitly Granting Defendant's Motion To Dismiss Plaintiff's Baseless Cause of Action In Violation of Rule 91a.2 of The Texas Rules of Civil Procedure.

2

<u>Ground of Error Number Two</u>: The Trial Court Erred On March 4, 2015 In Failing To Reach The Merits of Appellant's Complaint Pursuant To Texas Rules of Civil Procedure 91a.2.

<u>Ground of Error Number Three</u>: The Trial Court Erred And Abused Its Discretion By Implicitly Granting Appellee(s) Motion To Dismiss Appellant's Baseless Cause of Action Over Appellant's Objections In Violation of Rule 91a.3 of The Texas Rules of Civil Procedure.

Rule 91a.2 of the Tex. R. Civ. Proc. Contents of Motion Provides:

A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both.

Rule 91a.3 of the Tex. R. Civ. Proc. Time For Motion and Ruling Provides:
A motion to dismiss must be:

a) filed within 60 days after the first pleading containing the challenged cause of action is served on the movant:

b) filed at least 21 days before the motion is heard; and

c) granted or denied within 45 days after the motion is filed.

Plaintiff asserts that no other requirements are requested to satisfy Rule 91a.3 of the Tex. R. Civ. Proc.

Section 22.004(g) of the Tex. Gov't Code Holds:
The Supreme Court shall adopt rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence. The rules shall provide that the motion to

3

dismiss shall be granted or denied within 45 days of the filing of the filing of the motion to dismiss.

2011 Legislation:

Acts 2011, 82nd Leg., ch. 205 (H.B. 274) added subsecs. (g) and (h).

Section 6.01 of Acts 2011, 82nd Leg., ch. 203 (H.B. 274) provides:

"The changes in law made by this Act apply only to a civil action commenced on or after the effective date of the change in law as provided by this article. A civil action commenced before the effective date of the change in law as provided by this article is governed by the law in effect immediately before the effective date of the change in law, and that law is continued in effect for that purpose".

On March 4, 2015, Judge Tim Sucak presided over the Defendant's Motion To Dismiss Baseless Cause of Action Pursuant To Rule 91a of the Texas Rules of Civil Procedure and Signed on Order Granting the Defendant's Motion To Dismiss Baseless Cause of Action. Appellant voiced timely objection asserting that more than 45 days has passed since the filing of the Motion to Dismiss on July 24, 2014 and requested that the Motion to Dismiss be Denied or Withdrawn in accordance with Tex. R. Civ. Proc. 91a.3(c) 'granted or denied within 45 days of the filing of the motion to dismiss'.

Because the trial court granted the Defendant's Motion to Dismiss over Appellant's objections, Rule 91a.3(c) was violated, therefore, Plaintiff's Pro se Motion For A New Trial Pursuant To Rule 329b (d) and

4

(e) of the Tex. R. Civ. Proc. should be Granted which affords the trial court to:

(d) The trial court, regardless of whether on appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed.

(e) If a motion for new trial is timely filed by any party, the trial court, regardless of whether on appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

4) <u>Relief Requested:</u>

Appellant Freddie Lee Walker, respectfully request that pursuant to Rule 329b (d) and (e) of the Tex. R. Civ. Proc. that the trial court would Grant Appellant's Motion For A New Trial and that the March 4, 2015 Order granting Defendant's Motion To Dismiss Baseless Cause of Action Pursuant to Rule 91a of the Tex. R. Civ. Proc. be vacated, modified, corrected, or reformed to reflect that the Defendant's Motion to Dismiss Baseless Cause of Action Pursuant to Rule 91a Tex. R. Civ. Proc. should have been Denied and/or Withdrawn for violation of the 45 day rule described by Rule 91a.3(c) of the Tex. R. Civ. Proc.

5) <u>Prayer:</u>

Wherefore, plaintiff respectfully prays that this Motion For A New

Trial be in all things Granted, and that this matter be Remanded back to the trial Court for further proceedings.

Respectfully Submitted,

By: *Freddie Lee Walker*

Freddie Lee Walker # 00457485
Para-Legal No. 13047501
1697 FM 980        Ellis Unit
Huntsville, Texas    77343-0001

6) Verification:

Pursuant to Title 6, Tex. Civ. Prac. and Rem. Code, Sec. 132.003; Smith v. McCorkle, 895 S.W. 2d 692 (1995), I, Freddie Lee Walker, TDC# 00457485 being presently incarcerated in the Ellis Unit of the Texas Department of Criminal Justice - CID, declare, certify and verify under the penalty of perjury that the statement and allegations contained herein (Plaintiff's Motion For A New Trial) are True and Correct.

Signed and Executed on this 19th day of march, 2015.

By: *Freddie Lee Walker*

Freddie Lee Walker # 00457485
Affiant - Plaintiff Pro se

7) Certificate of Service:

This is to certify, by my signature below, that a True and Correct Original and Copy of the above and foregoing "Plaintiff's Motion For A New Trial", has been mailed by United States Mail, postage pre-paid on this 19th day of March, 2015 addressed to the following persons:

6

1) Travis County District Clerk
   Velva L. Price
   Civ. Div., 302 Courthouse
   1000 Guadalupe Street
   Austin, Texas   78767-9003

2) Assistant Attorney General
   Jennifer L. Daniel
   Law Enforcement Defense Division
   P.O. Box 12548, Capitol Station
   Austin, Texas   78711-2548

By: _Freddie Lee Walker_____
     Freddie Lee Walker #00457485
     Para-Legal No. 13047501
     1697 FM 980    Ellis Unit
     Huntsville, Texas    77343-0001

7